UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBRA GAY,

        Plaintiff,

v.                                                 CASE No. 8:09-CV-1957-T-17TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

_____

## REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[*] Because the decision of the Commissioner of Social Security fails to evaluate adequately, and reasonably, the plaintiff's impairment of carpal tunnel syndrome, I recommend that the decision be reversed and the matter remanded for further consideration.

I.

The plaintiff, who was fifty-two years old at the time of the administrative hearing and who has a high school education, has worked as

_____

[*]This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

a cleaner, office manager, order processor, and sales representative (Tr. 146; Supp. Tr. 5, 6). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to various impairments (Tr. 145). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of "depression, anxiety (post traumatic stress syndrome), polysubstance abuse (crack and marijuana), diverticulitis, diabetes mellitus, cervical and lumbar strain, bilateral carpal tunnel syndrome, hypertension, irritable bowel syndrome, gastroesophageal reflux disease, history of anemia, and atopic dermatitis" (Tr. 15). She concluded that these impairments restricted the plaintiff to light work that did not involve kneeling, the performance of detailed or complex tasks, the climbing of ladders, scaffolding or ropes, or exposure to dangers such as moving machinery and unprotected heights (Tr. 17). The law judge determined further that the plaintiff can occasionally climb, balance, stoop, and crouch (id.). The law judge found that these limitations prevented the plaintiff from performing past work.

However, based upon the testimony of a vocational expert, the law judge found that the plaintiff could perform jobs that exist in significant numbers in the national economy, such as small products assembler, wrapper and packer, and production inspector (Tr. 25). Accordingly, she decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income payments. a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). In this case, also, the plaintiff must show that she became disabled before her insured status expired

-3-

on December 31, 2004, in order to receive disability benefits.  42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.  There is not a similar requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is

the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff has asserted three challenges to the law judge's decision. Thus, she contends that (1) the law judge erred in finding that the plaintiff had a severe impairment of bilateral carpal tunnel syndrome while not finding any manipulative limitations; (2) the law judge's credibility determination is not supported by substantial evidence; and (3) the law judge's hypothetical questions to a vocational expert were flawed because

they did not include all of the plaintiff's functional limitations, including

limitations from bilateral carpal tunnel syndrome. The plaintiff's challenge

to the law judge's assessment of the plaintiff's carpal tunnel syndrome has

merit and warrants reversal.

The law judge found that the plaintiff has a severe impairment

of bilateral carpal tunnel syndrome (Tr. 15). The regulations define a non-

severe impairment as one that "does not significantly limit [a claimant's]

physical or mental ability to do basic work activities." 20 C.F.R.

404.1521(a), 416.921(a). Consequently, the law judge's finding that the

plaintiff had a severe impairment of carpal tunnel syndrome means that the

plaintiff had a hand condition that significantly affected her ability to perform

basic work activities, such as handling. 20 C.F.R. 404.1521(b), 416.921(b).

The law judge, however, did not include any functional

limitation arising from the plaintiff's carpal tunnel syndrome. That is patently

inconsistent with the finding that the carpal tunnel syndrome was a severe

impairment. As indicated, such an impairment signifies that the plaintiff's

ability to perform basic work activities was significantly limited. None of the

other limitations in the law judge's finding of the plaintiff's residual

functional capacity would be attributable to carpal tunnel syndrome, which causes problems in the plaintiff's hands. Consequently, as the plaintiff correctly argues, the law judge could not reasonably find that the plaintiff had a severe impairment of carpal tunnel syndrome and omit a functional limitation related to handling.

Also inexplicable is the law judge's assessment of an opinion from Dr. C. Michael Schwarz, a treating physician. On January 25, 2005, Dr. Schwarz issued a letter stating, among other things, that the plaintiff's "persistent numbness in her hands definitely contribute[s] to her disability" (Tr. 194). The law judge said that she "has given great weight to the opinion of Dr. Schwartz [sic] who stated that claimant's numbness in her hands contributed to her disability" (Tr. 22). Despite what she said, the law judge clearly did not give great weight to the opinion of Dr. Schwarz that the plaintiff's "numbness in her hands contributed to her disability." If she had given great weight to that opinion, she would not have reasonably omitted from the plaintiff's residual functional capacity a functional limitation related to the plaintiff's hands.

Notably, the plaintiff was evaluated by Dr. A. Del Pizzo, who diagnosed the plaintiff with bilateral carpal tunnel syndrome (Tr. 325), as the law judge acknowledged (Tr. 19). Dr. Pizzo also opined that there was "fine manipulation decreased bilaterally" (Tr. 324), an opinion that the law judge did not acknowledge. The law judge said that she gave "significant weigh [sic] to the opinion of Dr. Pizzo who noted tenderness in the cervical spine" (Tr. 22). What weight the law judge gave to Dr. Pizzo's opinion that the plaintiff's fine manipulation was decreased bilaterally is unclear. If she discounted that opinion, she needed to explain why. Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986).

The Commissioner's response to the plaintiff's argument regarding carpal tunnel syndrome is to contend, in essence, that the impairment was not really severe (Doc. 27, pp. 4-8). That contention is unpersuasive since the law judge found otherwise.

Under these circumstances, the evaluation of the plaintiff's bilateral carpal tunnel syndrome is not reasonable. Moreover, the significance of the flawed evaluation is reflected in the plaintiff's challenge to the hypothetical questions asked of the vocational expert. The answer

relied upon by the law judge to conclude that there was work in the national economy that the plaintiff could perform was based upon a hypothetical question that did not include any limitation related to the plaintiff's carpal tunnel syndrome. Notably, when the expert was asked to assume that, due to problems with carpal tunnel syndrome and neuropathy in the hands, the hypothetical individual could only use the hands for fine manipulation, fingering, and feeling one-third of the day, she responded that the individual could not perform the jobs she had identified (Supp. Tr. 21-22).

Consequently, the law judge could not reasonably conclude that the plaintiff had a severe impairment of carpal tunnel syndrome, and also fail to find any limitations in the plaintiff's handling ability. This inconsistency needs to be properly addressed on remand.

The plaintiff, as indicated, has asserted, in addition, a challenge to the law judge's credibility determination. That challenge is appropriately pretermitted since there is likely to be a new credibility assessment on remand.

IV.

For the foregoing reasons, the decision of the Commissioner fails adequately, and reasonably, to assess the plaintiff's impairment of carpal tunnel syndrome. I, therefore, recommend that the decision be reversed and the matter remanded for further consideration.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: OCTOBER 27, 2010

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).